H. B. Alexander & Son, Inc., Petitioner v. Commonwealth of Pennsylvania, Department of General Services, Respondent.

Argued February 4, 1982, before President Judge CRUMLISH and Judges ROGERS and DOYLE, sitting as a panel of three.

*Arthur Berman, Berman, Bowell & Tintner,* for petitioner.

*Thadeus A. Tanski,* Chief, General Litigation Unit, with him *Anthony P. Krzywicki,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, April 1, 1982:

The appellant, H. B. Alexander & Son, Inc. was awarded the contract to do the general construction work involved in improvements to certain buildings at Laurelton State School and Hospital for the Pennsylvania Department of General Services. Included in general construction contract work was an item called Resilient Tile Flooring. After completing the work, Alexander filed a complaint with the Board of Claims to recover about $10,000 which it says it was required to spend doing work ordered by the Department but not required of it by the contract. Alexander sued the Department on this claim in the Board of Claims.

The Department filed an Answer and New Matter to Alexander's complaint. The Department's New

Matter, which was endorsed with notice to plead, consisted of extensive reproductions of provisions of the contract imposing on the contractor the duty to inspect the site before bidding. The only averments of fact contained in the New Matter were:

35. Plaintiff did not visit his area of the jobsite where contract work was required.

36. All of the conditions described in the Room Finish Schedules were visible and otherwise readily ascertainable from a visible inspection of the buildings.

Alexander did not file a Reply to New Matter. The Department filed a motion for judgment on the pleadings on the ground that Alexander's admission, for failing to plead, that it did not inspect the site, required that judgment be entered against Alexander. The Board of Claims granted the motion, entering judgment in favor of the Department. Alexander has appealed. We reverse and remand the record for further proceedings.

Since judgment on the pleadings has been entered against Alexander, the facts alleged in its Complaint must be taken as true. Alexander's averments are: that the bidding documents included Resilient Floor work, which he subcontracted; that the subcontractor in preparing his price to Alexander had before him the Department's contract drawings to which were attached Room Finish Schedules; that on the Room Finish Schedules, under the heading "Floor", were spaces for recording flooring work required to be done in each room of the particular building being remodeled; that with respect to five of the total of thirteen buildings required to be remodeled, the spaces under the heading "Floor" contained the words "none" or "patch concrete" with no reference to Resilient Flooring; that the subcontractor offered

to do this work for Alexander for $4,900 but, upon being required to do work in rooms where no Resilient work was recorded as required, quit; and that Alexander was required to hire another subcontractor who completed the expanded work at a cost of about $15,000 instead of the $4,900 on which his bid was partially based. The gravamen of Alexander's claim is that the Room Finish Schedules were simply wrong with respect to the scope of the flooring work, that he was misled in this regard and should recover his actual costs. The theory of Alexander's case is basically that of *Pennsylvania Turnpike Commission v. Smith,* 350 Pa. 355, 39 A.2d 139 (1944) where the Supreme Court allowed recovery to the contractor for the expense of the unanticipated excavation of rock although he failed to test for rock as the bidding documents provided he should, because the Turnpike Commission had in its possession, but withheld from bidders, tests which showed the presence of subsurface rock at the site. Alexander's theory is that he and his subcontractor were presented with a document which lead them reasonably to believe that in some areas flooring work was not required of them although in order to do the work, flooring was actually required. Alexander also avers, as did the contractor in *Smith,* with effect, that the Department's invitation for bids left insufficient time for the inspection which would have revealed, contrary to the information on the Room Finish Schedules, that Resilient Tile work was required in the five buildings in question. Just as the contractor in *Pennsylvania Turnpike Commission v. Smith, supra,* might have examined subsurface conditions, Alexander might have examined the five buildings in question here. He says that under *Smith,* as the victim of "constructive fraud", he may recover despite his failure to inspect.

Therefore, we disagree with the Board of Claims that Alexander's failure to respond to the Department's allegation of New Matter that he did not visit the site justified the harsh stricture of judgment on the pleadings.

Judgment reversed; the record is remanded for further proceedings not inconsistent with this opinion.

ORDER

AND Now, this 1st day of April, 1982, the order of the Board of Claims of February 6, 1981, making absolute the Order Nisi issued on August 26, 1980, is reversed and the record is remanded for further proceedings not inconsistent with this opinion.